**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LISA PHILLIPS,<br>Petitioner,<br><br>vs.<br><br>WARDEN, OHIO<br>REFORMATORY FOR WOMEN,<br>Respondent. | Case No. 1:10-cv-388<br><br>Barrett, J.<br>Bowman, M.J.<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ohio Reformatory for Women, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition and respondent's return of writ. (Doc. 11).

## I. PROCEDURAL HISTORY

### State Court Proceedings

On February 13, 2008, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with two counts of aggravated burglary, two counts of robbery, three counts of theft from an elderly person or disabled adult, two counts of burglary and one count of aggravated robbery. (Doc. 11, Ex. 1). On February 22, 2008, through counsel, petitioner entered a plea of not guilty to all counts charged in the indictment. (Doc. 11, Ex. 2).

Prior to trial, petitioner withdrew her not guilty plea and plead guilty to two counts of aggravated burglary, one count of aggravated robbery, one count of burglary and one count of robbery. (Doc. 11, Ex. 3). On June 11, 2008, petitioner received a total aggregate sentence of eighteen years. (Doc. 11, Ex. 5, p. 2).

Petitioner filed a pro se appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 11, Ex. 6). On March 11, 2009, petitioner's appellate counsel filed an *Anders* brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Doc. 7, Ex. 7). Counsel noted that he could not find any arguable issue to support the appeal, but set forth the following assignments of error for petitioner:

1. Phillips' constitutional rights were violated because she had no lawyer present before questioning.

2. Phillips was not informed of her right against self-incrimination.

3. Media bias discouraged Phillips' (sic) from seeking a jury trial.

4. Trial counsel was rude and disrespectful and therefore biased and uninterested in Phillips' case.

5. There was ineffective assistance of counsel because trial counsel did not address Phillips' mental state when advocating on her behalf.

6. There was ineffective assistance of counsel because trial counsel did not exploit inconsistencies in one of the victim's statements.

7. Trial counsel coerced Phillips' plea by leading her to believe she would receive more time otherwise.

8. This plea was also induced by nonexistent evidence.

9. Phillips was " . . . unfairly evaluated; and thus, denied the opportunity to receive the help I need."

10. Phillips was not told how many years in prison she would receive.

11. There was disparity in sentencing because Phillips' codefendant was treated more leniently.

12. The proceedings in Phillips' case violated and (sic) "Act of Congress" and "a Treaty between the United States and another National [sic]."

*Id.* at 3-4. Appellate counsel moved to withdraw as counsel. (Doc. 11, Ex. 8). On August 12, 2009, the Ohio Court of Appeals overruled appellate counsel's motion to withdraw and affirmed the judgment of the trial court. (Doc. 11, Ex. 10).

On September 28, 2009, petitioner filed a timely pro se notice of appeal to the Ohio Supreme Court. (Doc. 11, Ex. 11). In her memorandum in support of jurisdiction, petitioner set forth two propositions of law:

I. I Ms. Phillips worked hard to do the right things. But losing my job made me feel worthless. And without having or being able to find assistance for substance abuse, not knowing or having help from family or friend or agents in society. Being incarnated (sic) have changed me. The things I took for granted. My life will not be taken for granted again. I'm involved in groups, plus soon to be baptized. I'm a change person who deserves another chance. I asking that the Court have mercey (sic) on me. I was intoxication at the time. I have turned my life around. I'm willing and will be an outstanding citizen from this day on. I do understand my mistakes that will never recure (sic) again. If I'm granted my release, I'm asking to please be sent to a rehab to futher (sic) my rehabilitation, because I don't want to make the same mistakes in society again. And If possible I'm requesting community service to pay debt to society.

II. Legal Support & Argument. The facts is I Ms. Phillips, did commit the crime, it's because I Ms. Phillips was under the influence of drugs. Also intoxicated, so I Ms. Phillips ran out of drugs from useing (sic), didn't have anymore money. So I went out to robbery. I Ms. Phillips had no attention on hurting anyone victims, Phillips had no were (sic) to turn too. In my history no one was never killed or hurt. The day of my crime with Ms. Edna Urk, I Ms. Phillips never force my way in her home. My co-defender knock on her door, Ms. Edna Urk open up door and asked may I help you. Phillips asked to use phone, Mr. Urk stated yes you may. Ms. Phillips seen purse took purse and ran out door, Ms. Urk grab Phillips missed and fell to ground. Phillips and co-defender kept running. When entering in home of Urk only Urk was in home no family rember. (sic) "Phillips was just mentally ill" and sick.

(Doc. 11, Ex. 12). In her memorandum, petitioner also claimed the ineffective assistance of appellate counsel and asserted eighteen claims that were not raised on appeal:

1. Breaking Chain off door

2. Weapons

3. Accused of Beating Victims, "Detective," Prosecutor, Judge Accused Phillips of Beating Ms. Urk.

4. Detective Question Phillips without Reading her "Rights" Violated

5. Phillips Asked To See "Videotape" Never Seen

6. Phillips Asked Detective, To See "Videotapes" Detective Stated He had Phillips on Videotape Beating Ms. Edna Urk

7. Attenborough Stated Kelly Urk was in home at Time of Crime. At Time of Crime There Were only 3 people. Ms. Urk, Phillips, Rick Freeman

8. Ms. Urk could not Identify Co-defender, said Attenborough.

9. Phillips Asked for New Counsel

10. Attenborough stated Phillips Need to plea out on felony 1's and 2's.

11. Attenborough stated Phillips was guilty when I walk in Courtroom. Racism- Blackball

12. Attenborough- Judge- Prosecutor- wanted to triple Phillips Sentence. 3 digit Number. Asked Phillips to make a proposal, Phillips stated 7 years

13. Phillips Asked Attorney Attenborough for, "Line ups," "Lie Detector Test" D.N.A. Test, "Finger prints"

14. "Statements" Documents"

15. Statement from Doctor

16. Statement from Hospital. All statement and Documents. As again Phillips was Mentally Ill Intoxicated drugs Serious Need help

    "Court made Error" Prosecutor "Judge" Falsely Wrongly Statements in Court. I Ms. Phillips Understand that many false Statement document unfair was being violated, misconduct trial.

17. Charged Multiple time for same crime which caused me to be sentence With almost maximum time for charges.

18. Violation of my First Amendment fourthee (sic) Amendment No fair trial.

(Doc. 11, Ex. 12, pp. 11-12). On December 30, 2009, the Ohio Supreme Court denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 11, Ex. 13).

On May 20, 2009, petitioner filed a pro se petition to vacate or set aside judgment of conviction or sentence. (Doc. 11, Ex. 14). Therein, petitioner argued that her constitutional rights were violated by police, prosecutor and attorney statements and that she was scared into taking a plea for something she did not do. (Doc. 11, Ex. 14, pp. 2-3). As support for her claims, petitioner argued that she admitted to committing theft, but was never identified as the assailant in the robbery or burglary and did not commit those crimes. *Id*. On June 2, 2009, the trial court denied the petition. (Doc. 11, Ex. 17). Petitioner did not appeal the decision.

**Federal Habeas Corpus**

On June 15, 2010, petitioner commenced the instant habeas corpus action. (Doc. 1). In the petition, petitioner asserts the following grounds for relief:

> GROUND ONE:
> Sufficiency. Did the evidence at trial fail to prove the essential elements of the crimes charged beyond a reasonable doubt?
>
> Authorities: State vs. Brown
> April 28, 2000 – 1st District # C-980907
>
> GROUND TWO:
> [I]s an individual accused of a crime denied her constitutional right to counsel when her trial counsel fails to provide conflict free representation to which she is entitled pursuant to the Ohio and US Constitution[?]
>
> Authorities: State v. Guillard (1992 486 US 153)
> No lawyer present before questioning. There was ineffective assistance of counsel because counsel did not exploit inconsistencies in one of the victim's statements.
>
> GROUND THREE:
> Ms. Phillips was not informed of her right of self-incrimination. Her trial counsel was rude and disrespectful and therefore biased and uninterested in Phillips case. Trial counsel coerced Phillips' plea by leading her to believe she would receive more time otherwise.
>
> GROUND FOUR:
> The trial court erred to the det[ri]ment of Ms. Phillips when it imposed sentence upon her without reviewing or considering RC 2929.11 and 2929.12.

> There was ineffective assistance of counsel because trial counsel did not address Ms. Phillips' mental state when advocating on her behalf. Coerced plea while on a mental state that was not disclosed upon trial.

(Doc. 1).

Respondent opposes the petition. (Doc. 11). It the return of writ, respondent argues that Grounds One, Two, and Three of the petition are not cognizable "because a state prisoner who has entered a guilty plea at trial and who later attempts to attack the proceeding through a federal habeas corpus petition is limited to raising only the issue of whether the guilty plea was knowing and voluntary." (Doc. 11, p. 7). Respondent contends that the trial transcript of the plea hearing demonstrates that petitioner's guilty plea was knowing and voluntary. *Id.* Respondent claims that Ground Four is also not cognizable because the Court is precluded from reviewing state sentencing procedures applying state rules. *Id.* at 11.

## II. THE PETITION SHOULD BE DENIED

### A. Petitioner waived the claims in Grounds One, Two and Three upon entering a voluntary and knowing guilty plea.

By pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings. *United States v. Pickett,* 941 F.2d 411, 416 (6th Cir.1991). A "guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty of the offense with which [s]he is charged, [s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*; *see also McMann v. Richardson,* 397 U.S. 759, 768-69, 771 (1970); *Campbell v. Marshall,* 769 F.2d 314, 318-19 (6th Cir. 1985). Rather, she may only seek to attack the validity of her guilty plea by showing that under the

circumstances, her guilty plea was not intelligently and voluntarily entered. *Id.; see also Campbell,* 769 F.2d at 315.

In the instant case, petitioner's claims in Grounds One, Two, and Three relate to purported deprivations of constitutional rights occurring before petitioner entered her guilty plea. In Ground One, petitioner challenges whether "the evidence at trial fail[ed] to prove the essential elements of the crimes charged beyond a reasonable doubt?"[1] (Doc. 1, p. 6). In Ground Two, petitioner contends that she received ineffective assistance of counsel because counsel failed to provide conflict-free representation and did not exploit inconsistencies in one of the victim's statements. (Doc. 1, p. 8). In Ground Three, petitioner alleges that her trial counsel was "rude and disrespectful and therefore biased and uninterested in [her] case."[2] (Doc. 1, p. 9).

The Court finds that petitioner has waived these grounds for relief by entering a guilty plea. *See Tollett,* 411 U.S. at 267. With regard to Ground One, in *United States v. Broce,* 488 U.S. 563 (1989), the Supreme Court held that "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Broce,* 488 U.S. at 569. Thus, by entering a guilty plea petitioner forfeited her right to challenge her conviction based on the sufficiency of evidence. *See, e.g., United States v. Martin,* 526 F.3d 926, 933 (6th Cir. 2008) (finding that the defendant "waived his right to appeal the sufficiency of evidence supporting his conviction by entering a guilty plea that did not reserve the issue for appeal"). In Grounds Two and Three, to the extent

[1] In support of her claim, petitioner cites to *State v. Brown*, No. C-980907, 2000 WL 492054, at *1 (Ohio App. 1 Dist. Apr. 28, 2000), an Ohio Court of Appeals case finding that the state failed to prove an essential element of burglary under Ohio Rev. Code § 2911.12(A)(2) because "the evidence failed to establish that any person was objectively likely to be present in [the victim's] home" at the time of the alleged burglary. *Brown,* 2000 WL at 492054, at *2.

[2] In Ground Three, petitioner also claims that she was not informed of her right against self-incrimination and that counsel coerced her plea by leading her to believe that she would receive a longer sentence otherwise. (Doc. 1, p. 9). The voluntariness of petitioner's guilty plea is discussed *infra* pp. 8-13.

that petitioner challenges her convictions based on alleged constitutional violations that occurred prior to the entry of her guilty plea and do not pertain to voluntariness, the Court finds that petitioner has waived these claims as well. *See Tollett*, 411 U.S. at 267; *see also United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001) ("pre-plea ineffective assistance of counsel claims are waived") (citing *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992)).

Therefore, as long as petitioner entered her guilty plea knowingly, voluntarily and intelligently, with sufficient awareness of the relevant circumstances and likely consequences, *see, e.g., Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994), petitioner is not entitled to habeas relief based on claims alleged in Grounds One through Three of the petition.

The Fourteenth Amendment's Due Process Clause guarantees that a guilty plea must be made voluntarily and intelligently with sufficient awareness of the relevant circumstances and likely consequences. *Boykin*, 395 U.S. at 242; *see also Brady*, 397 U.S. at 748; *King*, 17 F.3d at 153. "[A] plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against h[er], the first and most universally recognized requirement of due process.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In *Brady*, the Supreme Court adopted the following standard for determining the voluntariness of a guilty plea:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to h[er] by the court, prosecutor, or h[er] own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady*, 397 U.S. at 755 (quoting *Shelton v. United States,* 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), *rev'd on other grounds,* 356 U.S. 26 (1958)). The voluntariness of a guilty plea must

be assessed in light of all the relevant circumstances surrounding the plea. *Brady,* 397 U.S. at 749; *King,* 17 F.3d at 153 (and cases cited therein).

For a guilty plea to be deemed voluntarily entered with a "sufficient awareness of the relevant circumstances and likely consequences," the defendant must be correctly informed of the maximum sentence that could be imposed. *King,* 17 F.3d at 154; *Hart v. Marion Corr. Instit.,* 927 F.2d 256, 259 (6th Cir. 1991). Although the defendant must be apprised of such "direct consequences" of the plea, the court is under no constitutional obligation to inform the defendant of all the possible "collateral consequences" of the plea. *King,* 17 F.3d at 153; *see also El-Nobani v. United States,* 287 F.3d 417, 421 (6th Cir. 2002). "When a defendant subsequently brings a federal habeas petition challenging h[er] plea, the state generally satisfies its burden by producing a transcript of the state court proceeding." *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993). As the Supreme Court noted in *Blackledge v. Allison,* 431 U.S. 63 (1977):

> [T]he representations of the defendant, h[er] lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 73-74 (internal citations omitted).

Petitioner has not demonstrated that her plea was entered unknowingly, involuntarily, or unintelligently. A review of the record shows that petitioner's guilty plea was voluntary, intelligent, and was entered after being fully informed of her constitutional rights. During petitioner's plea hearing, petitioner responded affirmatively to the court's inquiries concerning whether petitioner had reviewed the documents pertaining to her withdrawing her initial not-

guilty plea, entering a guilty plea and waiving a jury trial. (Doc. 11, Plea Tr., p. 2). Petitioner affirmed that she understood the contents of these documents, that she understood the meaning of signing them, and that she had signed the documents. *Id.* at 2-3. The Court further inquired as to whether her attorney had reviewed each document with her, answered all her questions and explained the constitutional rights given up by entering a guilty plea, to which petitioner responded affirmatively. *Id.* at 3-4. Petitioner indicated that she was entering the plea of her own free will and accord and that she had not been promised or offered anything in exchange for her plea. *Id*. at 4. She further affirmed that she was not under the influence of drugs or alcohol and that she was satisfied with her attorney's representation. *Id.* at 4-5. The Court reviewed individually each offense to which petitioner plead guilty and ensured that petitioner understood that she could be sentenced consecutively for each offense, totaling up to 46 years in the Ohio Department of Corrections. *Id*. at 5-9.

The trial court also reviewed the constitutional rights waived through entering her guilty plea. Petitioner indicated that she understood that she had a right to a jury trial, that the state was required to prove that she was guilty beyond a reasonable doubt, that her attorney could subpoena witnesses to testify on her behalf, that her attorney could cross-examine witnesses testifying against her, and that she could not be forced to testify against herself. *Id.* at 10-14. Based on petitioner's responses, the trial judge made the following finding:

> THE COURT: Let the record reflect, ma'am, that you were here in open court with your attorney, Mr. Attenborough.
>
> I will find you understand all of [the] rights you're giving [up] here today by entering your guilty plea. You understand what it means to plead guilty, the maximum possible sentence, and the nature of the charges against you. . . .

*Id.* at 18-19.

Petitioner has raised arguments pertaining to the voluntariness of her guilty plea. First, in

Ground Three petitioner claims that she was not informed of her right against self-incrimination and that her guilty plea was coerced by her trial counsel's suggestion that a guilty plea would result in a shorter sentence. (Doc. 1, p. 9). Despite petitioner's claim that she was not informed of her right against self-incrimination, the trial judge specifically questioned petitioner to make sure she understood that she would not be required to testify against herself if she proceeded to trial:

> THE COURT: And you could not be forced or compelled to testify against yourself at the trial. If you chose not to testify against yourself at your own trial, nobody could comment on the fact that you did not testify at your own trial. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

(Doc. 11, Plea Tr., pp. 13-14). Furthermore, with regard to petitioner's suggestion that her plea was coerced, during the plea hearing petitioner stated that she was entering her guilty plea of her own free will and had not been promised or offered anything in exchange for her plea. *Id.* at 4. In any event, as respondent has argued in the return of writ, "[a] plea is not rendered involuntary merely because a prediction that a guilty plea will result in a light sentence does not come true." *Stout v. United States*, 508 F.2d 951, 953 (6th Cir. 1975) (citing *Holland v. United States*, 406 F.2d 213, 216 (5th Cir. 1969)). Petitioner was informed that the trial judge could sentence her concurrently for each count despite the plea and was appraised of the total potential sentence. Accordingly, the Court finds that petitioner's guilty plea was entered without coercion of counsel and after being informed of her right against self-incrimination.

In Ground Four, petitioner alleges that she entered a "coerced plea while on a mental state that was not disclosed upon trial." (Doc. 1, p. 14). Petitioner contends that the crimes that she committed were the result of drug addiction. (Doc. 1, p. 20). Furthermore, she claims that her attorney rendered ineffective assistance of counsel "because trial counsel did not address Ms.

Phillips' mental state when advocating on her behalf." *Id.* at 14. On appeal to the Ohio Supreme Court, petitioner also argued that counsel failed to raise petitioner's mental illness and/or alcohol and drug dependency. (Doc. 11, Ex. 12, pp. 12). While the merits of petitioner ineffective assistance of counsel claim is discussed *infra* pp. 15-17, here the Court finds that petitioner's claim regarding her alleged mental state does not demonstrate that her plea was involuntary.[3]

Prior to entering her guilty plea, petitioner averred that she was not under the influence of drugs or alcohol and that she understood the meaning of entering her guilty plea and the constitutional violations waived in the process. (Doc. 11, Plea Tr., pp. 4-5, 10-14). During her change of plea hearing, trial counsel stated that petitioner "does have a good grasp . . . and is making a knowing, intelligent decision." *Id.* at 12 (referring specifically to petitioner's understanding of her constitutional right to a jury trial). The judge made a finding that the plea was entered with an understanding of "what it means to plead guilty, the maximum possible sentence, and the nature of the charges against [her]." *Id.* at 19. Finally, the Court notes that petitioner indicated that she was satisfied with her trial counsel's representation during the plea hearing, *id.* at 5, and was provided with an opportunity to address the trial court and raise any issue regarding her mental condition during the hearing. *Id.* at 20-21.

Petitioner has not included factual support for her general reference to her mental state. She has not provided the Court with any indication that her alleged drug and alcohol dependency persisted from the time of the offense until she entered her guilty plea, nor has petitioner indicated how her mental state affected the voluntariness of her guilty plea. Therefore, the Court is unable to conclude that such a general allegation is sufficient to overcome the

[3] The Court notes that petitioner has not specifically argued that counsel was ineffective for failing to raise petitioner's mental state in relation to the voluntariness of the guilty plea. Instead, it appears that petitioner alleges ineffective assistance of counsel in connection with her claim in Ground Four, that her sentence was imposed in violation of Ohio Rev. Code §§ 2929.11 and 2929.12. (*See* Doc. 1, p. 14).

"presumption of verity" afforded to the statements and findings made during petitioner's guilty plea hearing. *See Blackledge*, 431 U.S. at 73-74.

Accordingly, the Court finds that petitioner entered her guilty plea voluntarily and intelligently, without any coercion of counsel and after being advised of her right against self-incrimination. She has not offered any factual support for her grounds for relief and the record does not permit the Court to conclude that petitioner's plea was anything other than a "voluntary and intelligent choice among the alternative courses of action open to [her]". *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir.1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Accordingly, Grounds One, Two, and Three of the petition do not entitle petitioner to relief.

**B. Petitioner is not entitled to relief based on the claims alleged in Ground Four because the claims are not cognizable, procedurally defaulted, or without merit.**

In Ground Four, petitioner contends that "the trial court erred to the det[ri]ment of Ms. Phillips when it imposed sentence upon her without reviewing or considering RC 2929.11 and 2929.12." (Doc. 1, p. 11). Ohio Rev. Code §§ 2929.11 and 2929.12 specify the overriding purposes of and factors to be considered in felony sentencing. Petitioner appears to argue that the trial court failed to consider her mental state in imposing her sentence, as petitioner also alleges ineffective assistance of counsel based on trial counsel's failure to disclose petitioner's mental state to the court. (*See* Doc. 1, p. 11).

The Court is precluded from reviewing petitioner's grounds for relief to the extent that they are based on alleged violations of state law. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Estelle v. McGuire*, 502

U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, this federal court can only consider whether the alleged sentencing error violated petitioner's federal constitutional right to due process. However, as respondent contends in the return of writ, it appears petitioner has waived any such constitutional claim because she failed to present it as a federal issue to the Ohio courts.

It is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of her claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citing *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987)). This means the petitioner must present her claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *Franklin*, 811 F.2d at 325 (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). *See also Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state courts of the claim's federal nature. *McMeans*, 228 F.3d at 681. Under those guidelines, the fair presentation requirement is satisfied if the petitioner raised the federal issue in the state courts by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.* (citing *Franklin*, 811 F.2d at 326).

The use of a "generalized catch-all phrase," which merely alleges the denial of a fair trial under the United States Constitution, does not adequately alert the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was

predicated entirely upon state evidentiary law." *Franklin,* 811 F.2d at 326. "While a petitioner need not cite chapter and verse of constitutional law, general allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated." *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006) (internal citation and quotation marks omitted). Generally, a claim is not fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese,* 541 U.S. 27, 32 (2004).

In the instant case, petitioner failed to present any constitutional claim to the Ohio courts regarding the trial court's consideration of Ohio Rev. Code §§ 2929.11 and 2929.12. In her *Anders* brief, petitioner did raise an ineffective assistance of counsel claim regarding counsel's failure to address her mental state, however she did not present the Ohio Court of Appeals with the claim that her sentence was imposed without consideration of Ohio Rev. Code §§ 2929.11 and 2929.12. (*See* Doc. 11, Ex. 7). Petitioner also failed to raise this claim on appeal to the Ohio Supreme Court or in her petition to vacate or set aside judgment of conviction or sentence. (*See* Doc. 11, Ex. 12 & 14).

Accordingly, to the extent that petitioner challenges the Ohio court's sentence pursuant to §§ 2929.11 and 2929.12 in the instant petition, petitioner has failed to state a cognizable claim for relief. To the extent that petitioner has stated a cognizable claim of constitutional error in her habeas petition, petitioner has procedurally defaulted the claim because she failed to present the federal issue to the Ohio courts.

Finally, with regard to petitioner's claim that she received ineffective assistance of counsel based on her attorney's failure to inform the court of her mental state, the Court finds

that petitioner's claim is without merit.

In order to establish an ineffective assistance of counsel claim, petitioner must demonstrate that (1) her trial attorney made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong of the *Strickland* test, it must be shown that counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that the challenged conduct fell within the wide range of reasonable professional assistance. *Id.* at 689.

Under the prejudice prong, petitioner must show "a reasonable probability that, but for h[er] counsel's unprofessional errors, the result of the criminal proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (citing *Strickland*, 466 U.S. at 694). "Where ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that h[er] sentence was increased by the deficient performance of h[er] attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

In the instant case, petitioner's conclusory and unsupported allegations are insufficient to establish, in accordance with the two-part standard adopted by the Supreme Court in *Strickland*, that her trial counsel was deficient or that any error or omission on the part of counsel prejudicially affected her defense. The record belies petitioner's claim that counsel failed to bring her mental state to the attention of the trial court. Contrary to petitioner's claim, trial

counsel raised petitioner's mental state during both the guilty plea and sentencing hearings. During the plea hearing, counsel stated that petitioner "was in an unusual state, having been drug addicted, and at the time experiencing some of withdrawal symptoms that led to this behavior."[4] (*See* Doc. 11, Plea Tr., p. 18). Counsel also raised petitioner's mental state during the sentencing hearing, imploring the Court to consider, amongst other things, petitioner's "rather difficult mental state at the time she committed these crimes."[5] (*See* Doc. 11, Sent. Tr., pp. 4-5).

Because trial counsel raised petitioner's mental state at both hearings, the Court finds that petitioner has not sufficiently demonstrated that trial counsel was ineffective under the applicable two-pronged *Strickland* standard. Petitioner has neither demonstrated that trial counsel rendered deficient performance for failing to address petitioner's mental state nor that any alleged error prejudiced her defense. Therefore, petitioner is not entitled to habeas relief based on the ineffective of counsel claim alleged in Ground Four of the petition.

Accordingly, in sum, petitioner is not entitled to habeas corpus relief based on the grounds alleged in her petition because: (1) her claims in Grounds One, Two, and Three were

---

[4] To the extent petitioner contends that counsel's ineffectiveness at the guilty plea hearing rendered her plea involuntary, the Court has already determined that petitioner has failed to demonstrate that she entered an involuntary or unknowing plea. *See supra* pp. 8-13.

With regard to petitioner's mental state at the time of the offense, counsel argued as follows:

> MR. ATTENBOROUGH: The defendant, though this is a little premature, she wanted it entered on the record she apologizes for her actions. This is something I would normally mention in sentencing, but she wanted me to say today she apologizes for her actions. She was in an unusual state, having been drug addicted, and at the time experiencing some of withdrawal symptoms that led to this behavior. We'll bring up the more mitigating factors in sentencing, more so than at the plea.

(Doc. 11, Plea Tr., p. 18).

[5] ". . . I'm asking the Court to try to do what you must always do, I guess, and be Solomon-like and split the baby and give her a sentence that's severe enough to reflect the importance of the case and the injuries to the victims, but not so severe that she, who used no weapon, and was in a rather difficult mental state at the time she committed these crimes, doesn't receive, you know, more time that people who have actually committed homicides and severe felonious assaults with guns. . . ." (Doc. 11, Sent. Tr., pp. 5-6).

waived upon petitioner's entering a voluntary, intelligent and knowing guilty plea; (2) petitioner's sentencing claim asserted in Ground Four is not cognizable to the extent she alleges the trial court erred under Ohio law and is procedurally defaulted to the extent that she has raised a constitutional issue cognizable in habeas corpus; and (3) her ineffective assistance of counsel claim raised in Ground Four is without merit. Therefore, it is **RECOMMENDED** that petitioner's petition for a writ of habeas corpus (Doc. 1) be **DENIED** with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[6] In addition, a certificate of appealability should not issue with respect to the claims addressed on the merits herein in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack*, 529 U.S. at 475 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in

this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

rh

---

the defaulted grounds for relief. *See Slack*, 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LISA PHILLIPS,
Petitioner,

vs.

WARDEN, OHIO REFORMATORY FOR WOMEN,
Respondent.

Case No. 1:10-cv-388

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).