UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lisa Phillips,

        Petitioner,

v.

Warden, Ohio Reformatory for Women,

        Respondent.

Case No.: 1:10-cv-388

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's August 30, 2011, Report and Recommendation ("Report") (Doc. 14)[1] and Petitioner Lisa Phillips' corresponding pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Report recommends that Petitioner's writ be denied with prejudice. (Doc. 14, 18.)

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2] Petitioner has filed a timely Objection (Doc. 18).

Petitioner's Objection is ripe for review. For the reasons stated below, the Court OVERRULES Petitioner's Objection, and the Report is ADOPTED in its entirety.

**I.**     **Background**

Because they are sufficiently detailed in the Report (Doc. 14, 1–5) and in

---

[1] All Court document citations are to Docket Entry numbers.

[2] Notice was attached to the Report regarding objections. (Doc. 14, 20.)

1

Respondent's Answer/Return of Writ (Doc. 11, 2–6), the Court only repeats the most basic facts here. After being charged with multiple counts of burglary, aggravated burglary, robbery, aggravated robbery, and theft from an elderly person or disabled adult, Petitioner initially plead not guilty. However, prior to trial, she withdrew that plea and plead guilty to two counts of aggravated burglary, one count of aggravated robbery, one count of burglary, and one count of robbery. She received a total aggregate sentence of eighteen years. On appeal, the state courts upheld the judgment. Petitioner commenced the instant habeas corpus action on June 15, 2010.

## II. Legal Analysis

### A. Legal Standard

When objections to a magistrate judge's Report and Recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1) (hanging paragraph). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997) (*quoting Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### B. Petitioner Makes no Specific Objections

After requesting an extension of time, Petitioner was granted an additional thirty days in which to file objections to the Report. (Doc. 17, 1; Doc. 19, 1.) Despite this

2

grant of additional time, the entirety of Petitioner's Objection states as follows:

> This is in response to the Court's Report and Recommendation regarding the above mentioned case.
>
> Despite the Court's findings, I can most assuredly affirm that my guilty plea was not intelligently entered. I was not fully informed of the subsequent consequences. I only received a dire warning of a three digit sentence if I did not plead guilty. In addition, the transcript of proceedings was given to me missing pages 2–20 as well as my discovery packet that is missing at least the first page and only contains a total of 2 pages.
>
> This entire case is riddled with errors and discrepancies and I call upon the court's swift attention to providing justice.

(Doc. 18, 1.) These conclusory and unsupported objections are insufficient to preserve issues for review, especially given that the report thoroughly and completely addresses the issue of whether Petitioner made her guilty plea voluntarily and intelligently. (Doc. 14, 8–13.).

The Sixth Circuit has stated, "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. "'[O]bjections disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). Furthermore, "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (citing *Miller*, 50 F.3d at 380).

Because the Court cannot see any clear objections to specific issues here, the

Court must take Petitioner's submission as a general objection. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991). Accordingly, Petitioner's objection is OVERRULED.

### III. Conclusion

Having reviewed this matter de novo in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds Magistrate Judge Stephanie K. Bowman's Report (Doc. 14) to be thorough, well reasoned, and correct. The Report is **ADOPTED** in its entirety, and Petitioner's Objection (Doc. 18) is **OVERRULED**. As the Report recommends (Doc. 14, 18–19), the Court **ORDERS** as follows:

- Petitioner's Writ of Habeas Corpus (Doc. 1) is **DENIED with PREJUDICE**.
- Petitioner is **DENIED** a certificate of appealability.
- Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge